## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

In re:

Leland S. Smith, Jr.,
              Debtor

Chapter 13
Case No. 16-10744

### ORDER DENYING MOTION FOR STAY PENDING APPEAL

The debtor has moved the Court for a stay pending his planned appeal from an order issued on Maine Revenue Services' request under 11 U.S.C. § 362(j).  *See* Debtor's Motion for Stay Pending Appeal [Dkt. No. 50] (the "Motion").

To obtain a stay pending appeal, the movant must establish: (1) a likelihood of success on the merits; (2) the potential for irreparable harm in the absence of a stay; (3) whether issuing a stay will burden the creditors less than denying a stay will burden the debtor; and (4) the effect, if any, on the public interest.  *See* Elias v. Sumski (In re Elias), 182 F. App'x 3, 4 (1st Cir. 2006). A movant's failure to satisfy all four prongs of the standard for granting a stay pending appeal dooms the motion.  *See* Eck v. Dodge Chem. Co. (In re Power Recovery Sys., Inc.), 950 F.2d 798, 804 (1st Cir. 1991).

Here, the Motion does not establish the debtor's entitlement to a stay.  There has been no demonstration of a likelihood of success on appeal.  The issue presented by Maine Revenue Services' motion under 11 U.S.C. § 362(j) is a complicated one and, as the debtor notes, there are divergent lines of authority.  In his Motion, the debtor says only that an appellate court "is just as likely" to follow a line of cases that this Court declined to follow.  *See* Motion, at ¶ 9. This unadorned assertion falls short of establishing a likelihood of success on the merits.

Additionally, the debtor has not established that he will be irreparably harmed by the

- 2 -

absence of a stay pending appeal.  The debtor points to the "possibility of [Maine Revenue Services] taking . . . action" to garnish his wages, and he asserts that garnishment would sabotage his chapter 13 plan.  *See* Motion, at ¶ 10.  But the debtor does not allege that Maine Revenue Services has, in fact, garnished his wages, or that his wages have been garnished to an extent that imperils the completion of his chapter 13 plan.

    The Motion is therefore denied.

Dated:  August 28, 2017

                                      Michael A. Fagone
                                      United States Bankruptcy Judge
                                      District of Maine